UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI LISK, | : | |
| | : | |
| Plaintiff | : | No. 3:13-CV-0887 |
| | : | |
| vs. | : | (Judge Nealon) |
| | : | |
| CAROLYN W. COLVIN, Acting | : | (Magistrate Judge Blewitt) |
| Comissioner of Social Security, | : | |
| | : | |
| Defendant | : | |

FILED
SCRANTON
JUL 0 8 2014
PER_____
DEPUTY CLERK

**MEMORANDUM**

**BACKGROUND**

On April 8, 2013, Plaintiff, Lori Lisk, filed this action under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of Social Security denying her application for social security disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (Doc. 1).

On June 4, 2013, Defendant filed an Answer and Transcript from the Social Security Administration ("SSA") proceedings. (Docs. 8 and 9). Plaintiff filed a brief in support of her Complaint on August 9, 2013. (Doc. 12). Defendant filed a brief in opposition on September 12, 2013. (Doc. 13). Plaintiff did not file a reply brief. The case was referred to Magistrate Judge Thomas M. Blewitt on October 29, 2013. On December 19, 2013, Magistrate Judge Blewitt issued a Report and

Recommendation ("R&R"), recommending that Plaintiff's appeal[1] from the Commissioner's decision be denied. (Doc. 14). On January 13, 2014, Plaintiff filed Objections to the R&R. (Doc. 17). The matter is ripe for disposition, and, for the reasons set forth below, the R&R will be adopted, the Objections will be overruled, Plaintiff's appeal will be denied, and the decision of the Commissioner denying Plaintiff's application for DIB will be affirmed.

## STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which

---

1. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**DISCUSSION**

On appeal, Plaintiff alleges that she should have been awarded disability benefits for the following reasons: (1) the ALJ erred in not giving Dr. Royer's medical opinion more weight; (2) the hypotheticals posed to the Vocational Expert ("VE") erroneously excluded some of her impairments; (3) the ALJ improperly considered Plaintiff's collection of unemployment compensation ("UC") benefits; and (4) the ALJ improperly evaluated the credibility of Plaintiff and witness Terry Coant ("Coant") regarding her functional limitations due to memory loss and

chronic fatigue. (Doc. 1, p. 2); (Doc. 12, p. 6).

In the R&R, Magistrate Judge Blewitt recommended that the appeal be denied because there is substantial evidence to support the ALJ's decision regarding all of Plaintiff's allegations. (Doc. 14). Magistrate Judge Blewitt accurately set forth the procedural history and sequential evaluation process in the R&R, and the same is adopted herein. (Doc. 14, pp. 1-23). Also, the Magistrate Judge adequately analyzed the findings of the Administrative Law Judge ("ALJ") and the evidence of record, which will also be adopted. A review of the entire record reveals no clear error in Magistrate Judge Blewitt's Report and Recommendation, as will be discussed below in greater detail.

### 1. Medical Opinion of Doctor Royer

On September 9, 2011, Dr. Royer performed a neuropsychological evaluation of Plaintiff, to which the ALJ ultimately afforded little weight because Dr. Royer's report was "an unsupported, inconsistent, and subjectively based snapshot overestimate [sic] of the severity of the claimant's limitations." (Tr. 23)[2]. Plaintiff contends that the ALJ erred in assigning Dr. Royer's medical opinion limited weight because he was her "treating physician" and thus his opinion

---

2. References to "(Tr. _)" are to pages of the administrative record filed by Defendant as part of the Answer on June 4, 2013. (Doc. 9).

should have been given more weight. (Doc. 12, pp. 6, 9-12). Defendant asserts that the ALJ was not required to give significant weight to Dr. Royer's opinion because: (1) there is no evidence that Dr. Royer was Plaintiff's treating physician; and (2) Dr. Royer's opinion was not supported by the evidence of record. (Doc. 13, pp. 10-12).

In his R&R, Magistrate Judge Blewitt found the following:

> [T]he ALJ quite properly gave greater weight to the opinions voiced by Plaintiff's family physician and treating neurologists who have consistently characterized Plaintiff's right side muscle weakness as "mild" or "subtle" (Tr. 299, 425, 461), and opined that her condition does not preclude her from full-time employment with reasonable accommodation. (Tr. 351). Plaintiff never voiced any complaints to her family physician, or treating neurologist, that she experienced any cognitive or communicative difficulties, and indicated on July 12, 2010, in her own functional report, that she could pay attention for a long time, and is capable of handling stress and changes in routine. In my view, there is substantial evidence in support of the ALJ's conclusion that this body of medical evidence, which was fully supported by detailed clinical testing data, outweighed the eleventh-hour opinion expressed by Dr. Royer after one examination, on a checklist form.

(Doc. 14, pp. 15-16). In her Objections to the R&R, Plaintiff contests this conclusion because Coant's testimony "clearly reflected the impairments and limitations expressed by Dr. Royer." (Doc. 17, p. 2). She contends that the "type of impairments found by Dr. Royer are ones that may not be readily recognizable

by the individual afflicted with them[,] but they will be clearly observed by [] family and close friends." (Doc. 17, p. 2).

However, this objection is a reiteration of an argument Plaintiff raised in her complaint and support brief that was addressed in the R&R by Magistrate Judge Blewitt. (Doc. 12, pp. 14-15); (Doc. 14, pp. 19-22). Consequently, because Plaintiff is merely repeating arguments that were thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy[3] demands they be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).

After a review of the record and the R&R, it is determined that there is

---

3. The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

substantial evidence that supports the ALJ's decision to accord less weight to Dr. Royer's opinion, and there is no clear error with Magistrate Judge Blewitt's conclusion. As such, the R&R will be adopted, and this objection will be overruled.

2. **Vocational Expert Hypotheticals**

Plaintiff asserts that the hypotheticals posed to the VE by the ALJ failed to include all impairments that were supported by the record, including the cognitive limitations included in Dr. Royer's report. (Doc. 12, pp. 6, 12-13). In response, Defendant asserts that the ALJ was not required to include the impairments noted by Dr. Royer because the record did not support his report. (Doc. 13, p. 12).

In the R&R, Magistrate Judge Blewitt concluded that the ALJ's decision was supported by substantial evidence because, even though Dr. Royer's report was submitted as post-hearing evidence, it was not supported by other medical evidence in the record. (Doc. 14, p. 18). The R&R concluded that the ALJ properly discounted Dr. Royer's report, and was not required to hold a supplemental proceeding to include the findings of this report in the hypothetical. (Id.). In her Objections, Plaintiff simply reiterates the assertion made in her Complaint and support brief, which was addressed by Magistrate Judge Blewitt, that the hypothetical posed to the VE failed to include all credibly established

limitations, and that the ALJ did not adequately explain why he rejected Dr. Royer's opinion. (Doc. 12, pp. 6, 12-13); (Doc. 14, pp. 16-18). Accordingly, this objection does not require de novo review.

After a review of the record and the R&R, this Court agrees with Magistrate Judge Blewitt that there is substantial evidence that supports the ALJ's hypothetical posed to the VE, and there is no clear error with this conclusion. As such, the R&R will be adopted, and the objection will be overruled.

### 3. Receipt of Unemployment Compensation Benefits

Plaintiff asserts that the ALJ improperly considered her receipt of UC benefits because it was not inconsistent with her DIB application. (Doc. 12, pp. 6, 13-14). Plaintiff argues that this was an error because she could work part-time and still collect UC benefits, and because the work had to be "suitable" under UC standards. (Doc. 12, pp. 13-14). Defendant asserts that the receipt of UC benefits was germane to the ALJ's determination because in order to receive UC benefits for the period during which she was attempting to claim DIB, Plaintiff had to agree that she was able and ready to return to work, either to her old job or a new one. (Doc. 13, p. 14).

The R&R concluded that "[i]t is entirely proper for the ALJ to consider a claimant's receipt of [UC] benefits as inconsistent with a claim of disability during

the same period." (Doc. 14, p. 19) (citing Meyers v. Barnhart, 57 Fed. Appx. 990, 991 (3d Cir. 2003)). In her Objections, Plaintiff contends that she only had to inform the UC office that she was able and available to perform "suitable" work. (Doc. 17, p. 4). However, this objection is a restatement of Plaintiff's original assertion in her Complaint and support brief that was addressed by Magistrate Judge Blewit. (Doc. 12, pp. 13-14); (Doc. 14, pp. 18-19).

After review of the R&R and the applicable case law, this Court agrees with Magistrate Judge Blewitt that it was appropriate for the ALJ to consider Plaintiff's UC benefits receipt in determining her DIB application, and it is determined that there is no clear error with this conclusion. As such, the R&R will be adopted, and this objection will be overruled.

### 4. Credibility of Plaintiff and Witness Terry Coant

Plaintiff asserts that the ALJ erred in finding her and Coant not fully credible because the ALJ did not properly reject their testimony regarding Plaintiff's memory loss. (Doc. 12, pp. 6, 14-15). Defendant argues that the ALJ's credibility determination is supported by substantial evidence because Plaintiff testified that she could drive, was able to watch a movie and follow the plot, could pay attention for a "long time," and could handle stress and changes in routine. (Doc. 13, pp. 13-14).

The R&R concluded that there was substantial evidence to support the ALJ's credibility determination of both Plaintiff and Coant because: (1) the ALJ "pointed to extensive medical evidence from Plaintiff's treating physician and neurologist which did not substantiate the extent of Plaintiff's subjective complaints with respect to her allegations of functional limitations due to chronic fatigue and memory impairment;" and (2) "Mr. Coant's testimony was not entirely credible, because, like Plaintiff's, the degree of limitation described was[,] in large part[,] unsupported by the record as a whole." (Doc. 14, p. 22).

In her Objections to the R&R, Plaintiff again contends that the ALJ did not properly reject her testimony and that of Coant regarding her memory loss. (Doc. 17, pp. 4-5). This objection is a reiteration of her original assertion in her Complaint and support brief that was addressed by Magistrate Judge Blewitt. (Doc. 12, pp. 14-15); (Doc. 14, pp. 19-22). After a review of the record and the R&R, it is determined that there is substantial evidence to support the ALJ's credibility determinations, and there is no clear error with Magistrate Judge Blewitt's conclusion. As such, the R&R will be adopted, and this objection will be overruled.

**CONCLUSION**

In the absence of new, specific objections, and after a review of the record,

Magistrate Judge Blewitt's Report and Recommendation will be adopted, the Objections will be overruled, and Plaintiff's appeal will be denied. It is concluded that the Commissioner's decision is supported by substantial evidence, and will be affirmed. An appropriate order will be issued.

**Date**: July 8, 2014

United States District Judge